IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PATRICIA JONES, § | | |
| Plaintiff, § | | |
| v. § | A-12-CV-1131-LY | |
| § | | |
| TRAVIS COUNTY JAIL, § | | |
| Defendant. § | | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff Patricia Jones's complaint (Document 1). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

On December 11, 2012, Plaintiff filed her complaint pursuant to 42 U.S.C. § 1983, presenting a claim for damages against the Travis County Jail based on alleged wrongful incarceration. Plaintiff does not specify the particular offense that is the basis of her wrongful incarceration claim. At the time she filed her complaint, Plaintiff did not appear to be confined in a correctional facility.

## DISCUSSION

**I.     STANDARD UNDER 28 U.S.C. § 1915(e)**

On review, the Court must dismiss a complaint, or any portion of a complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See, e.g., Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Such a dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after filing of a defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a pro se plaintiff's complaint, the Court must liberally construe the allegations. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972) (*per curiam*). A plaintiff's pro se status, however, does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**II.    BAR UNDER *HECK V. HUMPHREY***

Insofar as Plaintiff is seeking monetary damages against Defendant for her alleged illegal confinement, her claim must be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and the Fifth Circuit's application of *Heck* to state prisoner § 1983 lawsuits in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

> invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

512 U.S. at 486-87 (footnote omitted). In this case, Plaintiff does not allege that her conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Nor does she specify a particular conviction as the basis for her claim of wrongful incarceration. Accordingly, Plaintiff's claims for monetary damages regarding her alleged illegal confinement should be dismissed without prejudice to refile once the conditions of *Heck* are met. Plaintiff should be allowed to refile only upon a showing that a particular conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*

### III. IMPROPER DEFENDANT

In addition, Plaintiff fails to name a proper defendant in her lawsuit. She names only the Travis County Jail as a defendant. The Travis County Jail is not a legal entity capable of being sued and is not a proper defendant. *See, e.g., Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). As a result, the case should be dismissed for this reason as well.

### RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice to refiling if the conditions of *Heck* are satisfied and a proper defendant is named.

### OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The district court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall also bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of January, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE